TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
A. CARLEY PALMER (Cal Bar No. 307303)
Assistant United States Attorney
Deputy Chief, General Crimes Section
     1000 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0282
     Facsimile: (213) 894-0141
     E-mail:    Carley.Palmer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:19-CR-00568-AB-03 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT 3 RONNY RIZO |
| v. | |
| RONNY RIZO, | **Hearing Date:  August 20, 2021** |
| Defendant. | |

   Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Carley Palmer, hereby files its sentencing position with respect to defendant Ronny Rizo.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 6, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/ A. Carley Palmer*
A. CARLEY PALMER
Assistant United States Attorney
Deputy Chief, General Crimes Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant pleaded guilty to a conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii)(II).  (CR 211, 228.)  On April 30, 2021, the United States Probation Office filed its Presentence Investigation Report ("PSR").  (CR 257.)  Therein, the probation office concluded, e.g., that: (1) defendant's base offense level was 30; (2) defendant's early acceptance of responsibility warranted a three-point deduction; and (3) the parties had agreed to a two-level downward variance due to defendant's timely plea during "the exceptionally disruptive period caused by the pandemic." (PSR ¶¶ 4, 7, 30, 35, 44-45, 115.)  The probation office further found that--given the amount of cocaine involved in his crime--defendant was subject to a ten-year mandatory-minimum sentence; the office identified no factors that would warrant any departure below the Sentencing Guidelines range.  (Id. ¶¶ 99, 114; CR 256 at 3-4.)

Since the PSR's filing, defendant has complied with the safety-valve requirements, which (1) entitles him to a two-point deduction under USSG § 2D1.1(18), and (2) relieves him from the mandatory-minimum sentence.  (See PSR ¶¶ 36-37, 99-100; CR 211 at 6, 11.)  Additionally, as mentioned in the PSR, and consistent with paragraph 3(e) of defendant's plea agreement, the government recommends a two-level downward variance in recognition of defendant's early acceptance of responsibility, which has lessened and will lessen the burden on the court system during the unprecedented pressures of the COVID-19 pandemic.  (PSR ¶¶ 7, 115; CR 211 at 4; CR 256 at 5.)  With this variance, defendant's total offense level is 23 which--when

combined with his criminal history category of I--results in a Guidelines range of 46 to 57 months' imprisonment. See USSG § 5A. As set forth below, the government recommends a low-end Guidelines sentence of 46 months' imprisonment, three years' supervised release, and no fine.

## II. DEFENDANT'S CRIME

The facts relevant to sentencing are accurately set forth in the PSR and the plea agreement. (PSR ¶¶ 1-2, 20-26; CR 211 at 8-10.) In summary, between January and July 2018, defendant participated in an illegal conspiracy to knowingly distribute, and to possess with intent to distribute, approximately 13 kilograms of cocaine, within the Central District of California and elsewhere. (Id.) Specifically, defendant and his wife Maria Ponce (codefendant 4) would buy kilogram quantities of cocaine for tens of thousands of dollars from Joel Villegas (codefendant 1). (Id.) Defendant and his wife would then sell that cocaine to their drug customers. (Id.)

## III. DEFENDANT'S OFFENSE LEVEL

Based on these facts: (1) defendant's base offense level is 30, under USSG §§ 2D1.1(a)(5) and 2D1.1(c)(5); (2) his safety-valve eligibility warrants a two-level decrease, under USSG § 2D1.1(18); (3) his timely acceptance of responsibility warrants a three-level decrease, under USSG § 3E1.1; and (4) his early, exceptional acceptance of responsibility during the justice system's unprecedented pandemic backlog, warrants a two-level downward variance. (PSR ¶¶ 4, 7, 30, 34-37, 44-45, 115; CR 211 at 4, 10-11; CR 256 at 5.) As such, defendant's total offense level is 23.

**IV.   DEFENDANT'S CRIMINAL HISTORY**

Defendant is in criminal history category I. (PSR ¶ 54.) His prior convictions include assault with a deadly weapon and driving under the influence. (Id. ¶¶ 51, 52; CR 256 at 4.) His longest prior custody sentence was 120 days' jail. (Id. ¶ 51; CR 256 at 4.)

**V.   DEFENDANT'S GUIDELINES RANGE**

An offense level of 23 and a criminal history category of I place defendant's Guidelines range at 46 to 57 months' imprisonment and two to five years' supervised release. See USSG § 5A, 5D1.2(a); 18 U.S.C. § 3553(f).

**VI.   THE GOVERNMENT'S RECOMMENDED SENTENCE**

The government respectfully recommends that the Court sentence defendant at the low end of that range, to 46 months' imprisonment, three years' supervised release, and a $100 special assessment.[1]

   1.   <u>Nature and Circumstances of the Offense, § 3553(a)(1)</u>

Defendant joined a conspiracy to illegally distribute cocaine. (PSR ¶¶ 1-2, 20-26; CR 211 at 8-10.) He bought and sold kilogram quantities of cocaine in the Los Angeles area. (See id.) In other words, defendant's crime implicates the need to protect the public, and his sentence should account for that.

   2.   <u>History and Characteristics of Defendant, § 3553(a)(1)</u>

In defendant's favor, he is 38 years old, with a consistent work experience and no recent criminal history. (PSR ¶¶ 49-63, 69, 87-89; CR 256 at 4; CR 256 at 3; CR 312 at 4.) He has also expressed sincere remorse for his crimes. (PSR ¶ 30; CR 312 at 4, 8, 12-13,

---

[1] A special assessment of $100 is mandatory. (PSR ¶ 107.)

3

22, 34.)  The government respectfully submits that a low-end, within-Guidelines sentence appropriately accommodates for these factors.

### 3. Need for Deterrence and to Promote Respect for the Law, § 3553(a)(2)

The government's recommended sentence would also promote respect for the law, protect the community, and deter defendant and others who would seek to emulate his conduct.  A lot of people in defendant's family and community look up to him.  (See generally CR 312.)  Those people will register how is held accountable for his choices and how he chooses to grow from this experience.  46 months in custody would provide defendant sufficient time to consider his actions in light of their substantial consequences.  And three years' supervised release would hold defendant accountable for his future actions and deter him from committing future crimes.

### 4. Need for the Sentence to Avoid Unwarranted Disparities, § 3553(a)(6)

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly situated defendants.  One way of doing so is to correctly calculate the Guidelines range.  See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges.").  Here, under the correctly calculated Guidelines range, other defendants "with similar records who have been found guilty of similar conduct" as defendant can expect a sentence between 46 and 57 months.  See USSG § 5A.  As such, the

government's recommended sentence, within that range, avoids an unwarranted disparity with similarly situated defendants.

**VII. FINE, FEDERAL BENEFITS, AND PARTICIPATION IN RDAP**

The government agrees with the probation office that defendant is unable to pay a fine and that any income he earns upon release should be used to reestablish himself in the community. (See PSR ¶¶ 87-98, 96; CR 256 at 1, 5.) Moreover, given defendant's role in helping to financially support various members of his family (PSR ¶¶ 71-73, 91-96; CR 312 at 4-5, 12-13, 16, 20, 28, 30), the government believes that any deprivation of his federal benefits would be inappropriate. See 18 U.S.C. 862(a)(1)(A) (leaving to the Court's discretion a defendant's eligibility for federal benefits after a first or second drug distribution crime); USSG § 5F1.6 (noting same). Finally, in light of defendant's substance abuse history, the government wholeheartedly supports his participation in the Bureau of Prisons' Residential Drug Abuse Program ("RDAP"). (See PSR ¶¶ 50, 52, 55-58, 79-84; CR 256 at 4; CR 312 at 4, 6.)

**VIII.    CONCLUSION**

For the foregoing reasons, the government respectfully recommends that defendant be sentenced to 46 months' imprisonment (to include access to RDAP), three years' supervised release, a $100 special assessment, no fine, and no disqualification from federal benefits. The government submits that this sentence is "sufficient, but not greater than necessary, to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2)." 18 U.S.C. § 3553(a).